IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOWARD L. KUHN,

    Plaintiff,

Vs.                                         No. 09-4009-SAC

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
a/k/a NORTHWESTERN MUTUAL,

    Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to dismiss (Dk. 16) the plaintiff's first amended complaint (Dk. 11). The court construes the defendant's motion to seek dismissal only of the plaintiff's claim for any equitable relief under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). The defendant argues that the plaintiff seeks only monetary damages and that § 502(a)(1)(B) is the exclusive statutory remedy for ERISA participants seeking monetary damages on claims for benefits denied. The plaintiff maintains that he has a viable claim for relief that "is partially equitable in nature and therefore proper under ERISA § 502(a)(3)." (Dk. 20, p. 2).

*First Amended Complaint*

The plaintiff is a former employee of Gage Dental Group, P.A., and he brings this action to recover benefits under the employee welfare benefit plan ("Plan") established by his former employer. The plaintiff suffered a disabling condition and began receiving long term disability benefits under the Plan in 1996. The plaintiff claims the defendant has not paid him full benefits by wrongfully withholding Medicare and F.I.C.A. taxes after January of 1997. In April of 2007, the defendant informed the plaintiff that it had "inappropriately" withheld these taxes from his monthly benefits and refunded him $14,675.57 for those taxes withheld since January 1, 2005. (Dk. 11-3, p. 1).

In this action, plaintiff seeks to recover the alleged withholdings that total $43,401.95 for the years from 1997 through 2004. The plaintiff claims the defendant breached its fiduciary duty first by wrongfully withholding these taxes and then by wrongfully refusing to reimburse him for all sums withheld. In his prayer for relief, the plaintiff asks for an order requiring the defendant "to correctly calculate and withhold F.I.C.A. and Medicare taxes by virtue of liability pursuant to ERISA § 405, 29 U.S.C. § 1104" and for a judgment in the amount of $43,401.95 plus pre-judgment

2

interest, post-judgment interest, costs, attorneys' fees, and such other relief as the court deems appropriate. (Dk. 11, pp. 7-8).

*Standards Governing Rule 12(b)(6) Motion*

A court decides a Rule 12(b)(6) motion by accepting "as true all well-pleaded factual allegations in a complaint" and by taking "these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). The motion does not empower a court "to weigh potential evidence that the parties might present at trial." *Id*. (internal quotation marks and citation omitted).

Dismissal for failure to state a claim is proper when the factual allegations do not "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when there is a dispositive issue of law, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Detailed factual allegations are not necessary, but the pleaded claims for relief must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id. at* 555, to move the claim "across the line from

3

conceivable to plausible," *id.* at 570.

*ERISA Remedies*

A participant may bring a civil action under ERISA § 502(a)(1)(B) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." A participant also may bring a civil action under ERISA § 502(a)(3) "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter."

In discussing the interaction of these remedial statutes, the Supreme Court in *Varity Corporation v. Howe*, 516 U.S. 489, 512 (1996), concluded that § 502(a)(1)(B) provided a specific "remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims" and that § 502(a)(3) was one of the "catchall provisions" serving "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." In *Varity*, the remedy under § 502(a)(1)(B) was unavailable because the plaintiffs "were no longer members of the" plan, so the Court

4

interpreted § 502(a)(3) as authorizing individual claims for equitable relief for a breach of fiduciary duty. 516 U.S. at 515. As for the risk that litigants might "repackage" their claims as a result of this ruling, the Court assured itself this risk was "unlikely" because: "Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* 513, 514, 515 (citation omitted).

In view of *Varity*, courts in this circuit, as well as the majority of other circuit courts, have precluded § 502(a)(3) claims when the remedy under § 502(a)(1)(B) provides adequate relief for the plaintiffs. *See Lefler v. United Healthcare of Utah, Inc.*, 72 Fed. Appx. 818, 826 (10th Cir. 2003); *Moore v. Berg Enter., Inc.*, 201 F.3d 448, 1999 WL 1063823, at *2 n. 2 (10th Cir. Nov. 23, 1999); *Fulghum v. Embarq Corp.*, 2008 WL 5109781, at *10 (D. Kan. Dec. 2, 2008); *Hyde v. Benicorp Insurance Co.*, 363 F. Supp. 2d 1304, 1307 (D. Kan. 2005); *Mondry v. American Family Mut. Ins. Co.*, 557 F.3d 781, 805 (7th Cir.), *cert. denied*, 130 S. Ct. 200 (2009); *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006) (collection of cases).

5

*Analysis*

The plaintiff concedes he has a § 502(a)(1)(B) claim for money damages for the defendant's wrongful withholding of benefits equal to the F.I.C.A. and Medicare taxes, "but by nature of the complicated structure to so obtain those benefits, appropriate equitable relief through § 502(a)(3) is also demanded." (Dk. 20, p. 3). Prior to the lawsuit, the plaintiff wrote the defendant taking the position that it was the defendant who had withheld the taxes and filed the payroll tax returns so it's the defendant's "responsibility to file any amended returns." (Dk. 11-4.) Referring to this letter, the plaintiff now characterizes his claim for equitable relief as follows:

> Therefore, the onus to recover wrongfully withheld taxes by amending tax returns would be Northwestern's obligation. Not only has Kuhn made the appropriate recovery of benefits claim by § 502(a)(1)(B), but in order to recover those benefits, also seeks equitable relief through § 502(a)(3) by virtue of a Court order requiring Northwestern to amend tax returns they filed.

(Dk. 20, p. 4).

What is missing from the plaintiff's argument is any explanation of why this equitable relief is necessary for the court to determine whether the defendant wrongfully withheld benefits and what amount of benefits should be awarded the plaintiff. The defendant rightly counters that the plaintiff's first amended complaint does not claim equitable relief in the form

6

of a court "order requiring Northwestern to amend tax returns." *Id.* Nor does the complaint offer a factual or legal basis for the court compelling the defendant to amend its tax return. The plaintiff has failed to show that an award of benefits due with any appropriate interest, costs and fees would be inadequate relief without also requiring the defendant to amend its tax return. In short, the plaintiff has not alleged nor established any viable legal right for having the court determine where the defendant obtains the monies for satisfying a judgment to the plaintiff.

The plaintiff's other argument for avoiding dismissal is that at this stage of the litigation some courts have not ruled definitively on the availability of money damages under § 502(a)(3), citing *Zack v. Hartford Life and Accident Ins. Co.*, 2002 WL 538851, at *6 (D. Kan. 2002), *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523,533 (D.N.J. 2008), and *Beye v. Horizon Blue Cross Blue Shield of New Jersey*, 568 F. Supp. 2d 556 (D.N.J. 2008). These cases are of no avail to the plaintiff, for he has not pled alternate claims, has not sought alternative kinds of relief, and has not established that his claim for relief under 502(a)(1)(B) is an inadequate remedy or that "any meaningful distinction" exists between his claims under the two provisions. *Benson v. Prudential Financial, Inc.*, 2007 WL 4334026, at *9

7

(D.N.M. 2007). Nor has the plaintiff shown how his relief under § 502(a)(3) would be in the alternative should he be disqualified from relief under § 502(a)(1)(B). *See, e.g.*, *Fulghum v. Embarq Corp.*, 2008 WL 5109781, at 810 (D. Kan. 2008); *Tannenbaum v. UNUM Life Ins. Co. of Am.*, 2004 WL 1084658, *3 (E.D. Pa. Feb. 27, 2004) (cited for this proposition in both *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d at 534, and *Beye v. Horizon Blue Cross Blue Shield of New Jersey*, 568 F. Supp. 2d at 574-75). The plaintiff makes no effort to distinguish his breach of fiduciary duty claim from the "typical recovery of benefits claim." *See Zack v. Hartford Life and Accident Ins. Co.*, 2002 WL 5348851 at *5-*6. Based on the arguments presented and on the facts as pleaded, the defendant is entitled to dismissal of the plaintiff's claim for relief under § 502(a)(3), because the plaintiff's claim for relief and the remedies available under § 502(a)(1)(B) are adequate.

      IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 16) the plaintiff's first amended complaint (Dk. 11) is granted as to the plaintiff's claim for equitable relief under § 502(a)(3).

Dated this 26th day of February, 2010, Topeka, Kansas.

          s/ Sam A. Crow
          Sam A. Crow, U.S. District Senior Judge